# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS WARNER, | 1:10-cv-00554-AWI-SMS (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| SWARTHOUST, Warden | [Doc. 12] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation following his conviction of first degree murder and numerous sentencing enhancements. On August 8, 2006, Petitioner was sentenced to an indeterminate state prison term of fifty years to life.

On September 12, 2007, the California Court of Appeal, Fifth Appellate District, struck the firearm use enhancement, remanded the matter back to the trial court to issue an amended abstract of judgment, and otherwise affirmed the judgment.

///

---

[1] This information is derived from the state court documents lodged by Respondent on July 1, 2010, which is not subject to dispute.

1

Both the State and Petitioner filed petitions for review in the California Supreme Court. On November 28, 2007, the California Supreme Court granted the State's petition for review and deferred further action in the matter until People v. Gonzalez, S149848, was decided.  On July 16, 2008, the California Supreme Court transferred the matter back to the California Court of Appeal for reconsideration in light of People v. Gonzalez, 43 Cal.4th 1118 (2008).  On September 3, 2008, the California Court of Appeal affirmed the August 8, 2006, judgment of the trial court in its entirety.  Petitioner did not review in the California Supreme Court.

Petitioner filed four pro se state post-conviction collateral petitions for writs of habeas corpus.[2]  The first petition was filed on December 23, 2009, in the Stanislaus County Superior Court.  The petition was denied the next day on December 29, 2009.

On December 29, 2010, Petitioner filed a second petition for writ of habeas corpus in the Stanislaus County Superior Court, which was denied on January 14, 2010.

The third petition for writ of habeas corpus was filed in the California Court of Appeal, Fifth Appellate District on January 26, 2010.  The petition was denied on March 11, 2010.

On March 16, 2010, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District on March 16, 2010.  The petition was denied on March 25, 2010.

Petitioner filed a previous petition for writ of habeas corpus in the Sacramento division of this Court on December 23, 2009, and the case was subsequently transferred to the Fresno division on January 15, 2010, in case number 1:10-cv-00086-DLB (HC).  The action was dismissed without prejudice on January 26, 2010, for failure to exhaust the state court remedies. On February 22, 2010, the Court denied Petitioner's motion for reconsideration.

Petitioner filed the instant petition for writ of habeas corpus on March 5, 2010. Respondent filed a motion to dismiss on July 2, 2010.  Petitioner did not file an opposition.

///

///

---

[2] These filings reflect application of the mailbox rule, with the exception of the fourth petition which is irrelevant for tolling purposes. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

DISCUSSION

A.     <u>Procedural Grounds for Motion to Dismiss</u>

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. <u>See</u> <u>e</u>.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F.Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.     <u>Limitation Period for Filing a Petition for Writ of Habeas Corpus</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on March 5, 2010, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

3

    (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, on September 3, 2008, the California Court of Appeal, Fifth Appellate District, affirmed the judgment. Petitioner did not file a petition for review in the California Supreme Court. Thus, direct review became final on October 13, 2008, when the time to file a petition for review expired. Cal. Rules of Court, Rule 8.264 and 8.500 [former Rules 24 and 26]. Therefore, the one year limitations period began on the following day, October 14, 2008, and absent tolling, was set to expire on October 13, 2009. See Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

C.    Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled

during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this instance, Petitioner did not file any state post-conviction collateral petitions within the one-year limitations period.

D.    End of Limitations Period

Because Petitioner did not file any petitions within the limitations period, it expired on October 13, 2009, and the instant federal petition filed on March 16, 2010, is untimely.

E.    Subsequent State Post-Conviction Collateral Actions Do Not Toll Limitations Period

Petitioner's first through fourth state post-conviction petitions do not qualify to toll the limitations period. The earliest of these four state petitions was not filed under the mailbox rule until December 23, 2009, over two months after the limitations period expired.[3]

F.    Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

///

---

[3] See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court).

Petitioner has not presented any basis to equitably toll the limitations period. Accordingly, the instant petition is untimely and Respondent's motion to dismiss should be granted.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss be GRANTED; and

2. The Clerk of Court be directed to dismiss the instant petition with prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within fourteen (14) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 6, 2010**                   /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE